## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEREK SCOTT MCHALPINE,

       Petitioner,

v.                              Case No. 20-13123

WILLIAM FOY,               HON. MARK A. GOLDSMITH

       Respondent.

_____/

## OPINION & ORDER
## (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Derek Scott McHalpine, confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his plea convictions on four counts of fourth-degree criminal sexual conduct and one count of child sexually abusive activity in the Huron County Circuit Court, and his sentence of four to fifteen years' incarceration. Petitioner raises four claims for relief, two of which are unexhausted. The Court will dismiss the petition without prejudice, so that Petitioner may exhaust his claims.

## I. BACKGROUND

Petitioner pled no contest to four counts of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e((1)(a); and one count of child sexually abusive activity or materials,

Mich. Comp. Laws § 750.145c(3). He was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to four to fifteen years in prison.[1]

In his application for leave to appeal in the state court of appeals, Petitioner claimed his state and federal rights were violated when the trial court used his assertion of innocence to score points against him for interfering with the administration of justice, under Michigan Sentencing Guidelines offense variable (OV) 19. Pet. Attachments at PageID.24 (Dkt. 1-1). He also argued that his sentence was disproportionate. Id. at PageID.27. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. People v. McHalpine, No. 351584, at PageID.35 (Dkt. 1-1) (Mich. Ct. App. Jan. 31, 2020); People v. McHalpine, 948 N.W.2d 554 (Mich. Sept. 29, 2020).

Petitioner raises two additional grounds for habeas relief in his petition. In his third ground, Petitioner claims the victim and other witnesses stated "that what was claimed on the night of the incident is not what really happened . . ." Pet. at PageID.9 (Dkt. 1). Petitioner acknowledges this issue was not before the state courts: "This happened most recently[.] I don't know how to bring this up." Id.

Petitioner's fourth ground, which is not entirely clear, appears to be a claim of ineffective assistance of trial counsel. See id. at PageID.10. Petitioner contends he and his family raised issues and brought evidence to his lawyer who did not accept it or bring it up in court. Id. Although

---

[1] Petitioner states he was sentenced as a third habitual offender, see Pet. at 1, but the docket of Petitioner's case on direct appeal indicates his status as a "Habitual Offender 4th or higher." Appellate Docket Sheet, https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=1&CaseNumber=351584&CourtType_CaseNumber=2, https://perma.cc/SAW9-AFQN. "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." United States v. Mont, 723 F. App'x 325, 327 n.3 (6th Cir. 2018), aff'd on other grounds, 139 S. Ct. 1826 (2019) (citation omitted).

Petitioner checked "Yes" on the question of whether he raised this claim on appeal, id., the issue was not included in the appellate brief Petitioner attached to his petition.  See id. at PageID.17.

## II.    STANDARD OF REVIEW

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994) ("[T]he state prisoner must first exhaust his available state court remedies by presenting his claims to the state courts to provide the courts an opportunity to remedy any constitutional infirmities in his conviction.  It is the petitioner's burden to prove exhaustion.").  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the

3

exhaustion requirement. Welch v. Burke, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); accord Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).

While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-135 (1987). The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. See Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); Allen, 424 F.2d at 138-139. The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

### III.    DISCUSSION

Petitioner cannot meet his burden of proving exhaustion. While his first two issues were exhausted, Petitioner acknowledges on the habeas petition form the third issue was not raised on appeal and occurred "most recently." Pet. at PageID.9. The fourth issue is not included in his brief supporting his application for leave on appeal.

This Court has held habeas petitions in abeyance under certain circumstances, but here, a stay is neither necessary nor appropriate. For one thing, Petitioner does not request a stay nor assert that his circumstances justify a stay. Further, Petitioner has sufficient time remaining in his limitations period to exhaust his state court remedies on his unexhausted claims and amend his petition, if he so desires, before the limitations period expires.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 et seq., amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. See Froman v. Brigano, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such a review.  See 28 U.S.C. § 2244(d)(1)(A).  A habeas petition filed outside the time period prescribed by this section must be dismissed.  Isham v. Randle, 226 F.3d 691, 694 (6th Cir. 2000), abrogated on other grounds by Abela v. Martin, 348 F.3d 164, 172 (6th Cir.2003) (en banc).

Petitioner's convictions in this case became final on December 28, 2020, ninety days after the Michigan Supreme Court denied him leave to appeal, which is the deadline for filing a petition for writ of certiorari in the United States Supreme Court.  See Bronaugh v. Ohio, 235 F.3d 280, 284 (6th Cir. 2000).  While the time in which his habeas case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001), such time is equitably tolled by the Court.  See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002).

Petitioner has ample time in which to fully exhaust his new claims in the state courts and then return to federal court should he wish to do so.  A stay is unnecessary.

A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so.  See Adams v. Holland, 330 F.3d 398, 401 (6th Cir. 2003).  In this case, such a procedure is available. Petitioner may file a motion for relief from judgment in the Huron County Circuit Court under Michigan Court Rule 6.502.  If that motion is denied, before returning to federal court to pursue habeas relief, Petitioner must appeal that denial to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust his claims. See Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Accordingly, the Court dismisses the petition without prejudice so Petitioner may return to the state courts to exhaust his state court remedies on his unexhausted claims.

Because jurists of reason could not debate the correctness of the Court's procedural ruling, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV.    CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice for failure to exhaust.

SO ORDERED.

Dated:  April 15, 2021                          s/Mark A. Goldsmith
        Detroit, Michigan                       MARK A. GOLDSMITH
                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2021.

                                                s/Karri Sandusky
                                                Case Manager